UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Dolores Best, Executrix of theEstate of Willie Best, Deceased<br>1249 Eaton Road, SE<br>Apartment 101<br>Washington, DC<br><br>    Plaintiff<br><br>    v.<br><br>United States of America<br><br>SERVE: Jeffrey Taylor<br>    US Attorney for the<br>    District of Columbia<br>    Judiciary Center<br>    555 4th Street, NW<br>    Washington, DC 20530<br><br><br><br>    Hon. Alberto Gonzales<br>    Attorney General of<br>    The United States of America<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>CASE NUMBER 1:07CV00007<br><br>JUDGE: Paul L. Friedman<br><br>DECK TYPE: Personal Injury/Malpracti<br><br>DATE STAMP: 01/04/2007 |

**COMPLAINT FOR NEGLIGENCE**
(Personal Injuries and Death Caused By State Created Danger:
Negligence and Federal Tort Claims Act)

<u>JURISDICTION</u>

1.      Jurisdiction is conferred upon the Court pursuant to the Federal Tort Claims

Act, 28 U.S.C. § 2671, *et. seq.* (hereinafter "FTCA"

## VENUE

2.    Venue in this Court is proper pursuant to 28 U.S.C. § 1346 (b) as the claims are brought against the United States for money damages, and 28 U.S.C. § 1391, as the cause arose in the District of Columbia.

## FACTS RELEVANT TO ALL COUNTS

3.    At all time relevant to this complaint, the *Federal Witness Protection Act* was in force and the United States Department of Justice through its agencies, the United States Attorneys Office for the District of Columbia (USAO"),was charged with providing, when requested, reasonable protection for victims and witnesses of crime in the District of Columbia.

4.    At all times relevant to this complaint the District of Columbia Witness Protection Act was in full force and the United States Department of Justice, through its agencies, the USAO, was charged with providing , when requested, reasonable protection for victims and witnesses of crime in the District of Columbia.

5.    At all times relevant to this complaint the Attorney General's Guidelines for Victim and Witness Assistance were in full force and provided specific guidance to officers and employees of Department of Justice investigative, prosecutorial, and correctional agencies in the treatment of victims  and witnesses to crime.

6.    At all time relevant this complaint,  the Attorney General was required, pursuant to 42 U.S.C. Section 10607(a), to designate persons in each Justice Department component engaged in the detection, investigation, or prosecution of crime who would be responsible for identifying the victims of crime and

2

performing the services described for victims and witnesses in section 10607(a).
These persons are referred to as "responsible officials."

7.    At all times relevant to this complaint the Attorney General designated the
United States Attorney as the responsible official for performing services
described for victims and witnesses in section 10607(a).

8.    At all times relevant to this complaint the United States Attorney for the District
of Columbia or his designee, had the absolute responsibility to arrange for the
reasonable protection of victims and witnesses to crime, from a
Suspected offender and persons acting in concert with or
at the behest of the suspected offender.

9.    At all times relevant to this complaint the USAO maintained a section in its
office identified as the victim/witness Unit ("VWU").

10.    At all times relevant to this complaint the VWU was responsible for out of
state victim/witness travel, assisting victim witnesses with seeking
compensation for acts of violent crime, assisting victims with victim impact
statements, and assisting victim/witnesses who requested protection with
reasonable protection.

11.    At all times relevant to this complaint the area known as Lincoln Heights, a
public housing complex in Northeast Washington, DC, was a high crime hot
spot known by the USAO as an area where violent crime and narcotics
trafficking was commonplace.

12.    At all times relevant to this complaint the area commonly known as Barry
Farms including 1249 Eaton Place, Southeast, Washington, DC was a public

3

housing complex known to the USAO as a high crime hot spot area where violent crime and narcotic trafficking was commonplace.

13.    At all times relevant to this complaint, the VWU of the USAO was staffed with paralegals and supervisors who were aware of and conversant with the Federal Victim Witness Protection Act, the *Attorney Generals Guidelines* on assisting victims and witnesses of crime, and the level and severity of violent crime in the seven (7) police districts in the District of Columbia.

14.    At all times relevant to this complaint the VWU had a working relationship with the District of Columbia Department of Public Housing that enabled the VWU to relocate victims and witnesses who were residents of public housing who sought protection on account of their status as victims/witnesses to any public housing complex within the District of Columbia.

15.    At all times relevant to this complaint the VWU maintained and operated two distinct and separate victim witness protection programs. One under 28 U.S.C. 2680(a), a long term relocation/new identity program, and a "short term" program designed to remove a victim/witness from particular areas for the safety of the victim/witness while the criminal prosecution is pending.

16.    In the short term program the victim witness is not given a new identify, but is protected by relocating them to another area of the District of Columbia or somewhere in the Washington Metropolitan area that is not dangerous for the victim witness.

17.    At all times relevant to this complaint the funds used by the USAO to relocate victim/witnesses in the short term program were provided by the USAO and

other Department f Justice Agencies, *to wit*, the Office of Enforcement Operations and the United States Marshall's Service.

18.     At all times relevant to this complaint before a victim/witness could receive the support in the form of reasonable protection from the VWU the victim/witness has to request protection, be interviewed by a victim advocate who is assigned to the VWU, be assessed to determine if the risk is real or illusory, and be sponsored by an Assistant United States Attorney. The USAO VWU advocate has to then make a subjective determination whether the victim/witness candidate for protection will abide by the requirements of the short term program which include but are not limited to: not having contact with anyone from the area from which he was relocated, not committing any criminal violations, cooperating and following the directions of that USAO VWU and other USAO staff..

19.     The USAO VWU advocate has the authority to recommend that the victim witness be removed from the short term program for a violation of program rules. The USAO VWU advocate has the sole discretion to make the recommendation on acceptance into the short term program or removal there from.

20.     At all times relevant to this complaint the *Attorney General's Guidelines* on when to offer victim witness protection and how to administer services to the victim/witness were clear and left no element of choice for the USAO victim witness advocate to deviate from.

21.     At all times relevant to this complaint any decision by the USAO victim witness advocate to relocate the Best's to a well known high crime area deviated from the *Attorney's General's Guidelines* to provide reasonable protection for victim witnesses.

22.     At all times relevant to this Complaint the USAO victim witness advocates decision to relocate the Best's to a well known high crime area was not intertwined with concerns about policy analysis.

23.     At all times relevant to this complaint Willie Best, the decedent, and his immediate family were in compliance with all requirements of the short term program.

24.     At all times relevant to this complaint the USAO through its VWU accepted Willie Best and Deloris Best into the short term witness protection program and agreed to take reasonable measures to protect them against the suspected offender and persons acting in concert with or at the behest of the suspected offender.

25.     At all times relevant to this complaint the USAO/VWU promised to relocate the Bests to an area where they would be safe and protected from the suspected offenders and persons acting in concert with or at the behest of the suspected offenders.

26.     At all times relevant to this complaint when the USAO VWU specifically agreed to relocate the Bests' to a safe area, while the prosecution of the suspected offenders was pending, its decision to relocate them was not a discretionary function under the FTCA.

27. At all times relevant to this complaint the Bests objected to the USAO VWU's decision to being relocated to the *Barry Farms* public housing project in Southeast Washington, D.C. for their safety.

28. At all times relevant to this complaint the USAO VWU told the Bests' they had no choice in the matter and had to accept the relocation to *Barry Farms* public housing project for their safety.

29. At all times relevant to this complaint the public housing maintenance workers who worked at *Lincoln Heights* public housing project rotated on a regular basis through all of the public housing projects in the city.

30. At all times relevant to this complaint the public housing project maintenance workers who worked at *Lincoln Heights* public housing project rotated into the *Barry Farms* public project to perform services there.

31. At all times relevant to this complaint some of the maintenance workers who worked at *Lincoln Heights* recognized Willie Best at the Barry Farms public housing project and made his whereabouts known at the Lincoln Heights public housing project.

32. On January 8, 2005, Willie Best, while in the USAO short term program, was murdered in *Barry Farms*, a high crime area well known to the USAO VWU.

NOTICE

33. On or about  June 10, 2005, a Standard Form 95 Claim was filed on behalf of the Plaintiff with the Honorable Alberto Gonzales, Attorney General of the United States. The claim listed damages in the amount of Ten Million Dollars ($10,000,000.00). A copy of the Standard Form 95 Claim is attached.

34.    On or about June 9, 2006, a Standard Form 95 Claim was filed on behalf of the Plaintiff with Kathy Breeden, Director Office of Enforcement Operations, United States Department of Justice. The claim listed damages in the amount of Ten Million Dollars ($10,000,000.00). A copy of the Standard Form 95 Claim is attached.

35.    On or about July 5, 2006, Stephen T'Kach, Director of the Witness Security Program with the Department of Justice, wrote counsel for the Plaintiff advising that a copy of the June 9, 2006 Standard Form 95 was being forwarded to the United States Attorneys Office for the District of Columbia for their information and appropriate action. A copy of the T'Kach letter is attached.

36.    On September 28, 2006 Phyliss J. Pyles, Director, Torts Branch/Civil Division, United States Department of Justice, denied the claim on behalf of the United States. A copy of Ms. Pyles letter is attached.


## PARTIES

37.    At all relevant times herein, Willie Best was an adult resident of the District of Columbia.

38.    Defendant, the United States of America (hereinafter USA"), is subject to suit under the Federal Tort Claims Act for negligent and wrongful acts or omissions of employees of the United States Attorneys Office and or the Office of Enforcement Operations of the Department of Justice ('relevant law enforcement agencies") and their relevant employees and/or agents of each agency ("relevant agents").

## SPECIFIC FACTS

39. On or about  September 14,  2004, Willie Best, decedent was a victim of and witness to an armed robbery committed by Diego Pryor and Duane Blunt in the Northeast section of the District of Columbia.

40. On or about  September 14,  2004, Executrix Elizabeth Dolores Best, decedent was a victim of and witness to an armed robbery committed by Diego Pryor and Duane Blunt in Lincoln Heights section of the District of Columbia.

41. Prosecution of the case known as *United States of America v. Diego Pryor*, et. al., *F-6235-04* was carried out by the United States Attorneys Office for the District of Columbia.

42. Both Willie and Elizabeth Dolores Best participated in the prosecution of *United States of America v. Diego Pryor*, et. al., *F-6235-04*  as witnesses and as victims.

43. As victims and witnesses for the prosecution, both Willie and Elizabeth Dolores Best were given the opportunity to participate in programs carried out by the United States Attorneys Office Witness Protection Program (" the Program"), if they felt the need for additional protection as a result of  threats in their role as witnesses for the prosecution.

44. Throughout the time they participated in the Program, both Willie and Elizabeth Dolores Best were mailed letters from the United States Attorneys Office offering them protection as a result of threats they received during the prosecution of the case as aforesaid. Copies of the letters are attached collectively as Exhibit A.

45. As a result of their request for assistance Assistant United States Attorney asked for a risk assessment to be conducted on the Best's to determine the level of the risk to their safety.

46. A risk assessment of the Best's was conducted by the United States Attorneys Office Victim Witness Unit.

47. In on or about November of 2004, the USAO VWU agreed to provide reasonable protection for the Bests from the offenders in *United States of America v. Diego Pryor*, et. al., *F-6235-04* and any persons acting in concert with or at the behest of the offenders in *United States of America v. Diego Pryor*, et. al., *F-6235-04*.

48. In November 2004, as a result of the risk assessment the Best's were moved to a dwelling in Northern Virginia. The costs of the hotel was paid by the United States Attorneys Office Victim Witness Unit.

49. The Best's were later moved to a dwelling Silver Spring, Maryland for their safety. The cost of this hotel was paid for by the United States Attorneys Office Victim Witness Unit.

50. While in Maryland and Virginia the Best's were provided funds of the United States for food and transportation through the United States Attorney's Office Victim Witness Unit.

51. In December of 2004, over their objections, the Best's were moved yet again by the United States Attorney's Office this time to the *Barry Farms Housing Project* in Southeast, Washington, D.C., an area of the District of Columbia with a long history of violent crime and drug dealing well known to the United States Attorney's Office.

52. The move to the *Barry Farms Housing Project* as well as provisions for food and lodging there were arranged for and paid by the United States Attorney's Office Victim Witness Unit.

53. On January 8, 2005, Willie Best, while in the USAO short term program, was murdered via gunshot while in Barry Farms, a high crime area well known to the USAO VWU.

54. Upon information and belief and an investigation of the facts and circumstances of the death of Willie Best, Plaintiff has found:

   a. In on or about December of 2004 maintenance workers for the District of Columbia Department of Housing (DOH) rotated through all Public Housing Projects within the District of Columbia, performing maintenance services;

   b. In on or about December 2004, through January 1, 2005, DOH maintenance workers who worked in *Lincoln Heights* also worked at *Barry Farms*;

   c. In on or about December 2004 through January 1, 2005 DOH maintenance workers who worked at *Barry Farms* saw Willie Best in the *Barry Farms Housing Projects*;

   d. In on or about December 2004, through January 1, 2005, these DOH maintenance workers made it know in *Lincoln Heights* that Willie Best was now in *Barry Farms*;

   e. In on or about December 2004 through January 1, 2005, the offenders in *United States of America v. Diego Pryor*, et. al., *F-6235-04* and any persons acting in concert with or at the behest of the offenders in *United States of America v. Diego Pryor*, et. al., *F-6235-04* made it known that Willie Best

11

had to be killed because he was cooperating with the Police in *United States of America v. Diego Pryor*, et. al., *F-6235-04*;

f.  On or about January 8, 2005, an individual approached Willie Best and shot gunned Willie Best to death in front of and inside of  1249 Eaton Road S.E.

g.  Between on or about January 8, 2005, and March 2005, Plaintiff learned that Willie Best was murdered because he was cooperating with the Police in *United States  of America v. Diego Pryor*, et. al., *F-6235-04*;

h.  Between on or about March 2005 and April 25, 2005 Plaintiff learned that the shooter of Willie Best bragged to others that Willie Best was murdered because he was a "snitch;"

i.  On or about July 4, 2006, the Plaintiff learned that the shooter of Willie Best threatened a family member of Willie Best and bragged to that family member that Willie Best was murdered because he was a "snitch."

<u>COUNT ONE: NEGLIGENCE</u>

55. The Plaintiff incorporates and realleges all statements made in paragraph 1-54 of the Complaint.

56. Defendants owed a duty to Decedent Willie Best to use reasonable care in relocating him, in a non negligent manner, whether it was in *Barry Farms* or any other public housing project in the District of Columbia, while he was actually and properly participating in the "short term" witness protection program administered by the Office of Enforcement Operations through the Office of the United States Attorney for the District of Columbia

according to the Attorney General's Guidelines as aforesaid.

57. Defendants breached their duty to use reasonable care when they relocated Willie Best, over his objection, from suburban Virginia to the *Barry Farms* public housing property, a well known high crime area in the District of Columbia

58. As a proximate cause of Defendant's breach, as aforesaid, Willie Best was murdered after being relocated, over his objection, to the *Barry Farms* public housing project.

## COUNT TWO: NEGLIGENCE PER SE FEDERAL WITNESS PROTECTION ACT

59. The Plaintiff incorporates and realleges all statements made in paragraph 1-58 of the Complaint.

60. At all relevant times the Office of Enforcement Operations and the United States Attorney's Office operated the VWU under the aegis of the Federal Witness Protection Act.

61. The Federal Witness Protection Act provides that all victim witness participants in the program are to be provide reasonable protection.

62. The actions of the United States as aforesaid violated the Federal Witness Protection Act when they acted unreasonably in relocating Willie Best to Barry Farms public housing project.

63. As a proximate cause of the government's violation of the provisions of the Federal Witness Protection Act, Willie Best was murdered.

64. The Plaintiff incorporates and realleges all statements made in paragraph 1-58 of the Complaint.

## COUNT THREE: NEGLIGENCE PER SE D.C. WITNESS PROTECTION
## PROGRAM

65. The Plaintiff incorporates and realleges all statements made in paragraph 1-64 of the Complaint.

66. At all relevant times the Office of Enforcement Operations and the United States Attorney's Office operated the VWU under the aegis of the D.C. Witness Protection Act.

67. The D.C. Witness Protection Act provides that all victim witness participants in the program are to be provide reasonable protection.

68. The actions of the United States as aforesaid violated the D.C. Witness Protection Act when they acted unreasonably in relocating Willie Best to Barry Farms public housing project.

69. As a proximate cause of the government's violation of the provisions of the D.C. Witness Protection Act, Willie Best was murdered.

70. As a result of the negligence of the United States as aforesaid, Willie Best was shot and killed by individuals at the behest of the offenders in the case of *United States of America v. Diego Pryor*, et. al., *F-6235-04,* as a result of the shooting Willie Best suffered injuries to his chest and abdomen which caused internal bleeding and his ultimate death not immediately after the shooting. The estate of Willie Best seeks compensation for his pain and suffering while living, loss of wages and wage earning capacity, funeral and medical bills, and all other damages available under the District of Columbia survivorship statute.

WHEREFORE, Plaintiff demands judgment against the United States for Ten Million Dollars. (10,000,000.00).

Respectfully submitted,

Estate of Willie Best,
Elizabeth Deloris Best, Executrix

Kenneth D. Bynum
DC Bar No. 424515

Ronald Dixon  DC Bar 954628
Bynum and Jenkins, PLLC
Suite 320
901 North Pitt Street
Alexandria, Virginia 22314
(703) 549-7211

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** *Delores Best Executrix of the Estate of Willie Best*

**DEFENDANTS** *United States of America*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

*District of Columbia*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT...

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Ronald Dixon    Bynum & Jenkins
Kenneth D. Bynum    Suite 320
901 N. Pitt Street
Alex. Va. 22314

CASE NUMBER  1:07CV00007

JUDGE: Paul L. Friedman

DECK TYPE: Personal Injury/Malpracti

DATE STAMP: 01/04/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZ... FOR PLAIN...**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☒ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Fed. Tort Claim Act 28 USC. 2671 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** By statute   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

**DATE** 1/4/2007   **SIGNATURE OF ATTORNEY OF RECORD** Ronald Wilson

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

September 17, 2004

Willie Best
219 51st Street, NE Apt: 22
Washington, DC

<u>Case:</u>  U.S. v.  DUANE BLUNT
<u>PDID No:</u>      0487513
<u>Case Number:</u>  F0578504
<u>Filed On:</u>      September 15, 2004

Dear Willie Best :

    This letter is being sent to you automatically by computer because you were listed in law enforcement records as a victim (or the representative of a victim) of a crime. You are entitled by law to receive information about this case. The defendant was charged with ARMED ROBBERY.

    The prosecutor currently assigned to this case is Assistant United States Attorney (AUSA) William Frentzen, who can be reached at (202) 514-7585. It is possible for this prosecutor to be replaced by other prosecutors as the case progresses through the criminal justice system. You will be notified if a new prosecutor is assigned to this case. Please keep this information nearby when you ask questions about the case because this information will be extremely useful to those trying to help you.

    The next court hearing in this case will be a(n) PRELIMINARY HEARING currently scheduled for September 22, 2004. Frequently, court hearing dates are scheduled or changed on short notice. If the hearing mentioned in this paragraph has already occurred, you soon should receive notice of the next scheduled hearing. Because court hearing dates are changed frequently, you should not rely only on the information in this letter about when hearings will occur. You are NOT required to attend hearings in this case unless you receive a subpoena. However, if you are not scheduled to be a trial witness, you often are permitted to observe court hearings. If you choose to attend hearings, please introduce yourself to the AUSA in the courtroom. This will give the AUSA an opportunity to discuss the case with you, if necessary, and to ensure that you are permitted to observe the court proceedings. If you have any questions about whether the hearing will occur as scheduled or whether to attend, please contact the United States Attorney's Office at the phone number listed above.

    The defendant was held in jail. Please be advised that this is not the final decision about whether the defendant should be released. A defendant's initial release/detention status may change! You should call the D.C. Department of Corrections Victim Information and Notification Everyday (VINE) service at 1-877-329-7894 for the most current information on a defendant's release/detention status. You can also register with VINE so that you will be notified if the defendant's status changes.

Please turn over for more information on Victims' Rights.

Page 2

The Superior Court of the District of Columbia is located at 500 Indiana Avenue, NW. The United States Attorney's Office is located at 555 4th Street, NW. The closest Metro stop for both buildings is the Judiciary Square Metro stop, on the Red Line.

While this case is pending, you may be contacted either by telephone or in person by individuals wishing to discuss the case with you. Please be aware that you are under no obligation to discuss this matter with anyone outside of an official court proceeding. In deciding whether to discuss this matter with any individual who may contact you, you should make sure that you know their proper identity as well as the nature of their interest in the case.

Victims of violent crime may be eligible for payments to help with certain crime-related expenses. For information please call the Crime Victims Compensation Program at 202-879-4216. Staff is available to assist victims of violent crime who need help in completing an application. Victims of non-violent crimes are not eligible for assistance from the Crime Victims Compensation Program.

If the case number on the front of this letter begins with the letter "M", the defendant is charged with a misdemeanor. If you are the victim of a misdemeanor case, you may be offered the opportunity to resolve this case by mediation instead of by going to court. Mediation is NOT available in misdemeanor Domestic Violence cases. If you choose to participate in mediation, regardless of the outcome of the mediation, you will remain entitled to the same services that you would have been entitled to had you chosen to go to court instead of mediation.

Under federal laws and regulations, we are required to notify all victims about the services available to them. These services include:

1.   Referrals for social services, and medical or mental health assistance.

2.   Obtaining a court interpreter if you do not speak English and are required to testify.

3.   Making arrangements for your travel and accommodations if you live outside the Washington, DC area and are required to testify.

4.   Victim advocacy, including assistance in completing a Victim Impact Statement and an application for Crime Victims Compensation.

5.   Providing you with information about witness assistance and protection, and arranging for reasonable witness assistance or protection if you are threatened, harassed or intimidated because of your involvement in this case.

The United States Attorney's Office Victim Witness Assistance Unit can assist you with many of your needs. During business hours, call 202-514-7130 or the assigned attorney with any questions or concerns you may have about your role in this case. If you have an emergency, call 911 and talk to the police.

Sincerely,

The United States Attorney's Office



**U.S. Department of Justice**

*Witness Security Program*

---

Office of the Director                          950 Pennsylvania Ave., NW    Washington, DC  20530

JUL − 5 2006

Kenneth D. Bynum, Esquire
Bynum & Jenkins
901 N. Pitt Street, Suite 320
Alexandria, Virginia 22314

Dear Mr. Bynum:

Your correspondence to Maureen Killion, Director of the
Office of Enforcement Operations (OEO), dated June 9, 2006
regarding Willie Best, an individual you believe was murdered
while a participant in the "Short Term Witness Protection
Program," has been forwarded to me for response.  You wrote to
place the United States on notice of a claim of Mr. Best's
survivors after he was promised the protection of the
United States.

Your letter cites 28 U.S.C. 2671 et seq., so we assume it
was sent to the OEO in order to satisfy your obligation to give
the responsible agency an opportunity to administratively redress
your claim, before further legal action is commenced by your
client.  See 28 U.S.C. 2675(a).

If your client were a participant in a program over which
this office had authority, then the United States Marshals
Service (USMS) would have been the agency administering the day
to day operations regarding your client.  However, your letter
states that you have already written to the USMS and that they
have no record of supervising your client.  For that reason, this
office could have had no involvement with your client and your
letter to us does not meet your obligation to request
administrative redress under 28 U.S.C. 2675(a).

However, you also state in your letter that your client was
in a program "maintained by the United States Attorney's Office
for the District of Columbia," (USAO/DC) which is a separate

office from this one, headed by the United States Attorney for
the District of Columbia.  Although the OEO has had no
involvement with, and therefore cannot address, your claim, by
copy of this letter, we are forwarding your correspondence to the
USAO/DC for their information and appropriate action.

                                    Sincerely,

                                    Stephen J. T'Kach
                                    Director

cc:  Heather L. Cartwright, Chief
     Victim Witness Assistance Unit
     United States Attorney's Office
     District of Columbia

Law Offices

# BYNUM & JENKINS

*Attorneys At Law*

A Professional Limited Liability Company
901 N. Pitt Street - Suite 320
Alexandria, VA 22314

Telephone 703 549-7211
Fax 703 549-7701
www.bynumandjenkinslaw.com

Kenneth D. Bynum*+
Robert L. Jenkins, Jr.+o
Inga A. Watkins *+
Ronald Dixon *
Marcia O. Wright +

+ Virginia
*District of Columbia
o D.C.U.S. District Court
~ Maryland

D.C. Office
1717 K Street, N.W.
Washington, D.C. 20006

Keith Watters *~
of Counsel

June 9, 2006

Ms. Maureen Killion
Director Office of Enforcement Operations
United States Department of Justice
Bond Building
950 New York Avenue, N.W.
Washington, D.C. 20530

RE:  Wrongful Death of
Mr. Willie Best

Dear Ms. Killion:

I write to place the United States on notice of a claim of the survivors of Mr. Willie Best, a federally protected witness who was murdered in the District of Columbia after being promised the protection of the United States. Mr. Best was murdered on January 8, 2005, while he was inside of 1249 Eaton Road, S.E., Washington, D.C. Mr. Best and his family had been moved to this location, commonly known as "Barry Farms" a public housing project, by the Office of the United States Attorney for the District of Columbia ("hereinafter USAODC"). Mr. Best and other members of his family were witnesses for the United States in *United States v. Diego Pryor F-6235-04*. Mr. Best was murdered because he was a witness for the United States.

Mr. Best and his family were in the short term witness protection program maintained by the USAODC. As you know, this program has been known by many names not limited to: short term witness protection, short term relocation program, and short term protection program. The defendants in *F-6235-04* leveled a threat against Mr. Best because he was a witness. At the time the threat was made an arrest and indictment had been obtained in *F-6235-04*. The USAODC conducted a threat assessment and determined that the threat against Mr. Best and his family was real and imminent.

Mr. Best and his family were moved to various hotels in the region, consistent with the protection protocol of the USAODC short term program, and then relocated to

# Bynum & Jenkins

*Attorneys At Law*

*"Barry Farms"* a public housing complex in Southeast Washington. When the United States moved Mr. Best and his family to *"Barry Farms"* it was not without the protest of

Mr. Best and his family. Mr. Best came to be a witness for the United States because he was a victim of an act of violence while he lived in Washington, D.C. A victim/witness advocate in the USAODC assisted Mr. Best and his family with their security and an Assistant United States Attorney recommended that Mr. Best and his family receive assistance from the USAODC. A demand of Ten Million Dollars ($10,000,000.00) is hereby given to the United States.

A similar notice was served on the United States Marshals Service who took the position that there was no negligence on the part of the United States and "...we have no record of Mr. Willie Best having ever been in the USMS Witness Security Program."

This notification is made pursuant to 28 US Code 2671, *et seq.*, as amended.

Very truly yours,

Kenneth D. Bynum

Enclosure: Form 6
               MPD Form 251
               Death Certificate

2

**U.S. Department of Justice**

**Civil Division**

---

*Washington, D.C. 20530*

PJP:ABodolay                                     Telephone
157-16-33232                                     (202) 616-4262


CERTIFIED MAIL - RETURN          SEP 2 8 2006
RECEIPT REQUESTED

Mr. Kenneth D. Bynum
Bynum & Jenkins
Attorneys at Law
901 N. Pitt Street
Suite 320
Alexandria, Virginia   22314

> Re:  Administrative tort claim of Deloris Best
>      for the wrongful death of Willie Best, III

Dear Mr. Bynum:

The administrative claim of Mrs. Deloris Best dated January 8, 2005, which you presented to the Department of Justice (the Executive Office for United States Attorneys) is hereby denied.

First, the claim is precluded by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. §§ 2680(a).  Second, there is insufficient evidence of negligence or a wrongful act or omission on the part of any Department of Justice employee.

I am required by law (28 C.F.R. § 14.9(a)) to inform you that if you are dissatisfied with this determination, you may file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification of denial.  28 U.S.C. §2401(b).

Yours very truly,

*Phyllis J. Pyles*

PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

-2-

cc:    Honorable Kenneth L. Wainstein
       United States Attorney
       Judiciary Center
       555 Fourth Street, N.W.
       Washington, D.C.  20530

           Attention:  Daniel F. Van Horn
                    Assistant U. S. Attorney
                    Civil Division