UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOLORES BEST, Executrix of the Estate )<br>    of Willie Best, Deceased ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br>UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br>_____) | Civil Action No. 07-007 (PLF) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

In the Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Plaintiff's Opposition"), Plaintiff attempts to jump straight to the question of negligence without directly addressing the preliminary issues raised in Defendant's motion to dismiss. But before addressing whether Defendant did or did not act negligently, it is first necessary to determine whether liability for the conduct in question is barred by the government's sovereign immunity. This Court should dismiss the Complaint because Plaintiff has failed to refute Defendant's argument that the claim is barred by the discretionary function exception and the private analogue requirement.

**I.   PLAINTIFF HAS FAILED TO EFFECTIVELY ADDRESS THE ISSUE OF
       IMMUNITY UNDER THE DISCRETIONARY FUNCTION EXCEPTION TO
       THE FEDERAL TORT CLAIMS ACT.**

In her Opposition, Plaintiff makes two arguments for why the discretionary function exception does not apply, both of which essentially miss the point at issue. Plaintiff first argues that the rule mandating "reasonable" conduct, and the signing of a declination of EWAP services

notice, preclude the possibility that the conduct is discretionary. Second, the plaintiff argues that there was a special relationship formed that waived the discretionary function exception. But governing law specifically provides that a "reasonableness" standard implies discretion on the part of the government's actions, and, further, that there needs to be a special relationship plus a specific promise to give rise to a specific duty in this context. Plaintiff, here, alleges no "specific promise" to perform an act on Plaintiff's behalf.

> **A.    Plaintiff Failed to Demonstrate the Violation of a Nondiscretionary Duty to Take This Case Outside the Discretionary Function Exception.**
>
> **1.    Plaintiff's Reliance Upon the Signing of a Rejection Notice is Misplaced Because it Does not Directly Relate to the Conduct at Issue.**

The decision as to when and how to provide assistance to a witness is within the discretion of the Defendant, as provided by the applicable statutes and Department of Justice ("DOJ") regulations. Plaintiff avoids addressing this issue by looking for inapplicable provisions of the DOJ regulations in order to find some conduct that involves mandatory compliance with a particular regulation or policy. This search apparently concluded by extracting a piece of Heather Cartwright's declaration, which states that if a witness has been offered and declined the Emergency Witness Assistance Program (EWAP) plan, "he or she must sign a written declination form indicating that he or she understands the options given, the potential risk, and still declines to utilize services." See Plaintiff's Opposition at 8. From this minor and irrelevant procedural rule, Plaintiff suggests that Defendant's conduct in relocating Mr. Best was not discretionary, because the assigned Witness Security Specialist ("WSS") did not order Plaintiff to sign a written declination of services.

Putting aside the highly questionable allegation that Ms. Best "declined" to accept

EWAP assistance, it defies logic to suggest that the signing of a declination notice is even remotely related to any duty to "protect" Plaintiff from the criminal acts of unknown persons. For the protection of Mr. Best to fall outside the discretionary function exception, there would have to be a statute, regulation, or similar directive mandating a specific and relevant course of conduct in providing protection. Plaintiff's argument does not fit this requirement. Rather, Plaintiff attempts to misdirect the Court's attention away from the relevant conduct at issue by focusing on irrelevant and inconsequential portions of the EWAP that have nothing to do with the alleged mandatory "protection." Nevertheless, in Shuler v. United States, the District Court recognized that the Attorney General Guidelines for Victim and Witness Assistance "only provide for 'reasonable' protection, which inherently includes a great deal of discretion." 448 F. Supp. 2d 13, 19 (D.D.C. 2006). Similarly, the Eleventh Circuit Court of Appeals directly held that the protection of a witness fell within the discretionary function exception because neither the Attorney General Guidelines nor the relevant statutes specified how protection is to be provided. Ochran v. United States, 117 F.3d 495, 501 (11th Cir. 1997) ("clearly, the AUSA would have to exercise judgment to determine the appropriate means of providing protection").

Even accepting Plaintiff's argument that the declination form is somehow relevant to the protection of Plaintiff and her family, Plaintiff failed to directly address or even attempt to rebut the arguments made in Defendant's motion to dismiss that the protection of witnesses, as opposed to the filling out of a declination form, is left to the discretion of the Defendant by federal rules and regulations. Plaintiff's claims are premised on an alleged failure to provide protection, not on an alleged failure to obtain a signed form. As noted above and in Defendant's initial Motion, the Attorney General Guidelines for Victim and Witness Assistance specifically

provide that Department personnel should use their "discretion and sound judgment" when assessing risks to witnesses and security measures to be taken. Cartwright Decl. at ¶ 6. More importantly, the Defendant has still not pointed to any statutes or regulations that impose a mandatory duty to provide a certain type of protection or assistance to Plaintiff or her family. Without a statute or regulation imposing a mandatory and relevant course of conduct on the Defendant for how witnesses should be protected, the conduct is a matter of judgment or choice.

Finally, Plaintiff's claim that Plaintiff declined EWAP assistance is blatantly contradicted by the record. See Scott v. Harris, __ U.S. __, 127 S.Ct. 1769, 1776 (2007) (when a party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him," a court "should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the [record]"); Bell Atlantic Corp. v. Twombly, __U.S. _, 127 S.Ct. 1955, 1969 (2007) (in response to a motion to Dismiss, a plaintiff must present "facts consistent with the allegations in the complaint"). Despite the Plaintiff's bare allegation that WSS did not provide her with a declination of services form, see Plaintiff's Aff. at ¶ 32, Plaintiff provided absolutely no evidence that she, in fact, declined EWAP services. Indeed, Plaintiff admits that she accepted temporary placement from the EWAP pending permanent relocation, Plaintiff's Aff. at ¶¶ 15, 17 and 20; that she accepted money from the EWAP for food and transporation, id. at ¶ 15; and that, despite her reservations about moving into Barry Farms, she eventually accepted the relocation to Barry Farms. Plaintiff's Aff. at ¶ 40. Moreover, on November 3, 2004, Plaintiff and each member of her family signed housing acceptance forms, indicating that they had eventually accepted, rather than declined, the permanent relocation. See Attachment 7.

Thus, Plaintiff has failed to present any facts sufficient to overcome the discretionary

function exception to the Federal Tort Claims Act, let alone any facts to support her strained conclusory allegations that **relevant** conduct was mandated by the applicable regulations. Twombly, __U.S. at __, 127 S.Ct. at 1974 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").[1]

### 2. The Element of Discretion and Judgment Provided to the Defendant by Statutes and Regulations is Grounded in Public Policy.

It is interesting to note that the second part of the two-part analysis for discretionary function is addressed only in passing by Plaintiff's Opposition, presumably because it is abundantly clear that the judgment at issue here is grounded in public policy. Rather, Plaintiff focuses her analysis upon the irrelevant act of signing of the declination of EWAP services after Plaintiff expressed misgivings about moving to Barry Farms, and then makes the conclusory leap that because the signing of the declination form is a matter of ordinary judgment, a judgment grounded in public policy is not required. See Plaintiff's Opposition at 9.

Again, Plaintiff has missed the mark by failing to address the relevant conduct at issue. A decision on when and how to provide EWAP assistance to a witness is heavily based on public policy. The decision making process involves repeated steps in which the United States Attorney's Office exercises its discretion in "balancing the degree of threat the witness faces, the availability of government resources, the witness' own resources, and the requirements and restrictions of the various witness security options." Cartwright Decl. at ¶ 20. This discretionary conduct is well grounded in public policy and falls within the discretionary function exception to

---

[1] Moreover, even if the form were presented to a party, the government cannot compel a party to sign it. Thus, it is illogical to presume that the United States' sovereign immunity can stand or fall based upon actions partly controlled by others.

the Federal Tort Claims Act.

Additionally, it remains uncontroverted that Plaintiff and her family were never offered "protection" services because they would not have qualified for those services in the first place. See Cartwright Decl. at ¶ 19.  Not only has Plaintiff failed to set forth any fact to demonstrate a "real threat," in that the criminal defendants had "the means and desire to harm or kill the witness wherever the witness resides in the United States," see id. (*citing* USA Book Chapter 24, section 4), but Plaintiff also failed to rebut the showing that the decision to not offer those services was based upon the public policy determination that "the EWAP program existed as a reasonable alternative to address the Best family's physical, mental, or emotional reservations about living in Lincoln Heights and participating in the prosecution of those arrested for the robbery."  Id. at ¶¶ 19-20.  Thus, the Plaintiff has failed to make any showing that the relevant determination was not otherwise grounded in public policy, and the claim is barred.

    **B.**    **Plaintiff Failed to Establish that Defendant Made a Specific Promise to Protect Willie Best.**

Courts have held that under limited circumstances, if the Government enters into a special relationship with an individual the Government is no longer shielded by the discretionary function exception.  See Ochran, 117 F.3d at 505; Merced v. City of New York, 856 F. Supp. 826, 831 (S.D.N.Y. 1994).  But for there to be a "special relationship" in this context sufficient to overcome the discretionary function exception, there has to be a "specific promise" made by the Government.  See Ochran, 117 F.3d at 506.  A general promise to provide protection "is insufficient to constitute a waiver under the FTCA because it does not contain a specific promise involving no policy judgments."  See Shuler, 448 F. Supp. 2d at 20 (stating that, "absent any

claim of an explicit promise to provide a specific type of protection, the defendant's protective services constitute a discretionary function under the FTCA").

It is not surprising that Plaintiff's Opposition limits it analysis of Shuler to a fleeting acknowledgment in a footnote, because it is clearly analogous to this case and calls for dismissal. Like Shuler, there was no explicit promise here to provide a specific type of protection to Plaintiff or the decedent.  In fact Willie Best acknowledged in writing that he understood that no protection would be provided to him and his family.  Attachment 6.  The Acknowledgment Forms, signed by the Plaintiff and decedent, read in pertinent part, "I understand that any assistance given to me through the Emergency Witness Assistance Program does not constitute protection for me, my family, or anyone else."  Id.

In the wake of this written acknowledgment, Plaintiff has failed to point to any specific promise by the Defendant to provide a specific type of protection.  Rather, Plaintiff argues that there was a "special relationship" because the Defendant allegedly offered the Bests services under the EWAP, the Bests relied on this supposed offer, and the Government moved them outside the zone of danger.  See Plaintiff's Opposition at 11.  This argument runs counter to the rule from Shuler that there must be an "explicit promise to provide a specific type of protection" for the discretionary function exception to be waived.  See Shuler, 448 F. Supp. 2d at 19.[2]

Indeed, Plaintiff's allegations are comparable to the argument that was rejected in Ochran.  See Ochran, 117 F.3d at 501.  In that case, the plaintiff alleged that she had reported

---

[2] If Plaintiff alleges that the promise was to move Plaintiff, then there was no breach of that promise as Plaintiff was in fact moved to another neighborhood away from the robbery suspects.  Indeed, Plaintiff has provided no argument or allegation that the robbery suspects were even remotely involved in the death of Willie Best.

directly to the Assistant United States Attorney that she was threatened by the criminal defendant because she was a witness against him, and that the Assistant United States Attorney assured her, "I'll take care of it. I'll have somebody get back to you, [don't] worry about it." Id. at 498. The Circuit Court found this general promise of protection insufficient to establish a "special relationship" sufficient to overcome the discretionary function exception, as opposed to a specific promise such as one to station a police officer outside the witness's home. See id. at 506.

Setting aside the fact that Mr. Best himself signed an acknowledgment form that no protection was being offered, a non-specific allegation of a general offer to provide protection is precisely the type of general promise that this Court in Shuler and the Circuit Court in Ochran explicitly found to be insufficient to constitute a waiver. See Ochran, 117 F.3d at 506; Shuler, 448 F. Supp. 2d at 19.

II.  **PLAINTIFF'S OPPOSITION FAILED TO DEMONSTRATE A SPECIFIC PRIVATE ANALOGUE.**

In response to Defendant's motion, Plaintiff makes no attempt to identify a private analogue, but rather launches into a discussion regarding general liability of a party for the criminal acts of a third party. See Plaintiff's Opposition at 11-12. This general legal analysis, however, may occur only after Plaintiff has identified a comparable private entity, who performs similar function as the United States Attorney's Office under "like circumstances." See United States v. Olson, 546 U.S. 43, 44 (2005). For example, in Olson, the issue was whether the government could be held liable for the negligent safety inspections of a mine. See id. at 45. The Supreme Court found that, because there are private companies who conduct safety inspections, there was a private analogue to the specific governmental function, and the

government must be held to the same standard of care as those private entities.  See id. at 47.

In this case, Plaintiff failed to establish a private analogue under like circumstances.  No private entity exists that performs the same or similar functions of the United States Attorney's Office in this context of criminal prosecutions and providing assistance and/or protection to witnesses.  As a result, it is impossible to analyze any law imposing liability, because Plaintiff has provided no private comparison.  Accordingly, Plaintiff has failed to provide any basis for the waiver of sovereign immunity, and the Court should grant Defendant's motion to dismiss, or in the alternative, for summary judgment.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOLORES BEST, Executrix of the Estate of Willie Best, Deceased </br></br>Plaintiff,</br></br>v.</br></br>UNITED STATES OF AMERICA,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)  Civil Action No. 07-007 (PLF)</br>)</br>)</br>)</br>)</br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF FACTS AS TO WHICH THERE IS A GENUINE ISSUE**

Plaintiff has failed to show that there is a genuine dispute as to any material facts. Summary Judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). The mere existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and be supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson, 477 U.S. 242, 249-50 (1986)). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and]

[t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. 323 (citations omitted). Moreover, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp. 2d 1, 3 (D.D.C 1998); Been v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).

Defendant addresses each of the numbered paragraphs in Plaintiff's Statement of Facts as to Which there is a Genuine Issue as follows:

1. Because there are no material facts in dispute regarding Defendant's material fact No.1, the facts are admitted.

2. Plaintiff provides no factual support for the conclusory allegation in paragraph No. 2, that the "the friends of the suspects knew where they were in Barry Farms and were in contact with people who lived in Barry Farms," or for the conclusory assertion that the "suspects (sic) contacts were beyond the Northeast quadrant of the City and extended to the Southeast quadrant of the City." Indeed, the cites provided by Plaintiff in no way supports those propositions. See Plaintiff Aff. at ¶ 41 ("I saw and recognized a group of maintenance workers who I also knew worked in Lincoln Heights"), and Doy Aff. at 41 ("These workers also recognized Ms. Best and me"). Where a plaintiff fails to put forth any facts, as would be admissible in evidence, to demonstrate a genuine issue of material fact, summary judgment for defendant is appropriate. Carney v. American University, 151 F.3d 1090, 1093 (D.C. Cir. 1998) (the non-moving party must point to some "affirmative evidence" establishing a factual dispute). Moreover, any information provided by Plaintiff and Mr. Doy regarding what the maintenance workers were telling others in Lincoln Heights is inadmissible hearsay and insufficient to defeat a summary judgment motion. Gleklen v. Democratic Cong. Campaign Committee, 199 F.3d 1365,

1369 (D.C. Cir. 2000) (under Fed. R. Civ. P. 56(e), a non-moving party must produce evidence in a form that would be admissible at trial). Accordingly, Plaintiff has failed to present any competent evidence that the robbery suspects, who were in custody and being held without bond, knew of their whereabouts at any time prior to the death of Willie Best.

    3.    Defendant never asserted that the HUD program was part of EWAP, and, accordingly, there are no material facts in dispute regarding Defendant's material fact No. 3.

    4.    Despite the fact that Defendant makes no assertion of fact regarding the placement of Plaintiff or her family in Barry Farms, Plaintiff focuses her objections to paragraph No. 4 on that placement and completely ignores the asserted fact that neither Plaintiff nor any member of her family were placed in any "witness protection program." Plaintiff further fails to address the fact that it was determined, within the discretion of the United States Attorney's Office, that the Emergency Witness Assistance Program ("EWAP program") was a reasonable alternative to address the Best family's physical, mental, or emotional reservations about living in Lincoln Heights and participating in the prosecution of those arrested for the robbery. Accordingly, Defendant's statement of fact No. 4 must be deemed admitted. LCvR 7(h) (facts not controverted in the statement of genuine issues may be treated as admitted).

    5.    Plaintiff attempts to avoid having to admit or deny the specific language contained within the Acknowledgment Form that the EWAP program does not constitute protection for the witness or anyone else. Attachment 6. However, the language is plain, unmistakable, and uncontroverted; and accordingly, must be deemed admitted.

    6.    Plaintiff presents no evidence to refute the fact that "they were placed in temporary housing pursuant to EWAP while awaiting for public housing." Indeed, the citations

to the affidavits of Ms. Best and Mr. Doy admit that they did, in fact, stay in temporary housing and were provided hotel accommodations outside of the NE quadrant of the District of Columbia. Plaintiff Aff. at ¶¶ 15-21. Accordingly, the facts contained in Defendant's Statement of Material Facts No. 6 must be deemed admitted.

7.  In her Statement of Facts as to Which There is a Genuine Dispute, Plaintiff disputes the assertion that she was informed on November 2, 2004, that Ms. Forest had obtained an apartment for her in Barry Farms, but then admits to the fact in her Affidavit. See Plaintiff Aff. at ¶ 22. Accordingly, that fact must be deemed admitted. The remaining facts contained in paragraph No 7 of Plaintiff's Statement of Facts are not material, as they do not affect the substantive outcome of the matter.

8.  Plaintiff's claim that she "rejected" the apartment at Barry Farms is contradicted by the factual record, as Plaintiff signed an acceptance form, and actually moved into the apartment. See Scott v. Harris, __ U.S. __, 127 S.Ct. 1769, 1776 (2007) (when a party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him," a court "should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the [record]"); Bell Atlantic Corp. v. Twombly, __U.S. _, 127 S.Ct. 1955, 1969 (2007) (in response to a motion to Dismiss, a plaintiff must present "facts consistent with the allegations in the complaint"). Accordingly, Defendant's paragraph No. 8 is undisputed.

9.  Plaintiff's unsupported denial of the fact that Willie Best was not listed as an occupant on the lease for Unit No. 8 is directly contradicted by the actual lease, and Defendant's paragraph No. 9 is undiputed. See Scott, __ U.S. at __, 127 S.Ct. at 1776.

10 and 11.   Plaintiff does not dispute the fact that on October 4, 2004, the two criminal suspects were placed in custody, that they pled guilty to the armed robbery offense on November 29, 2004, and that they are still in custody to this day.  Indeed, the mere fact that they are held without bond for committing a "dangerous crime" does not demonstrate, in any way, that the suspects were involved in the shooting of Willie Best.  Accordingly, the facts set forth in Defendant's paragraphs Nos. 10 and 11 should be deemed admitted.

As demonstrated above, as well as in the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendant's Memorandum of Points and Authorities in support thereof, Statement of Material Facts Not in Dispute, and Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Plaintiff has failed to meet her burden, and summary judgment should be entered in favor of Defendant.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843